RAHR, Respondent, vs. MINAHAN, Appellant.

*May 9—June 3, 1924.*

*Automobiles: Law of the road: Driving on left side of highway:
Negligence.*

The driver of an automobile, who in passing wagons going in
the same direction swung so far to the left that the left
wheels of her car passed onto the gravel shoulder of a con-
crete road and continued driving that way for over 200 feet
because the gravel was a few inches lower than the concrete,
and in that position collided with an approaching car, is negli-
gent as a matter of law where she had two easy methods of
getting back on to the concrete, or could have stopped and
avoided a collision.  p. 272.

APPEAL from a judgment of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge.  *Affirmed.*

Action to recover damages in the sum of $1,100 sustained
by plaintiff's car in an automobile collision with defendant's
car driven by his wife on a county highway.  The collision
occurred on the south side of an eighteen-foot-wide concrete
road.  Plaintiff was driving east and Mrs. Minahan was
driving west.  She passed three sand wagons going in her
direction, and in so doing swung to the south so far that
the left wheels of her car passed on to the gravel shoulder
and she drove that way for over 200 feet, claiming that
since the wheels of the car were against the concrete edge
of the road and the gravel was lower than the concrete she
could not get her left wheels back upon the concrete in time
to avoid the collision.  The jury found (1) that Mrs. Mina-
han did not negligently drive her automobile at an excessive
rate of speed immediately prior to and at the time of the
collision; (2) that she negligently failed to observe the rules
of the road at the time of the collision; (3) that such negli-
gence was the proximate cause of the collision; (4) that
plaintiff was free from contributory negligence; and (5)
damages in the sum of $1,100.  From a judgment for said

sum with costs entered in favor of plaintiff the defendant appealed.

For the appellant there was a brief by *Minahan, Minahan, Minahan & Duquaine* of Green Bay, and oral argument by *Edward M. Duquaine.*

For the respondent there was a brief by *Fairchild, North, Parker & Bie,* attorneys, and *Samuel D. Hastings,* of counsel, all of Green Bay, and oral argument by *Walter T. Bie.*

VINJE, C. J. The appellant claims that the second finding under the instructions of the court does not find negligence on the part of Mrs. Minahan but simply that she failed to observe the rules of the road, which was not disputed. The question submitted to the jury was, "Did Mrs. H. A. Minahan negligently fail to observe the rules of the road at the time of the collision?" To which the jury answered "Yes." The instructions under this question said nothing as to negligence, but simply stated the rules of the road and left it to the jury to answer the question under such instructions as to whether she failed to observe the rules of the road.

We find it unnecessary to determine whether or not the jury found Mrs. Minahan negligent in answering this question "Yes," because we hold that as a matter of law she was negligent. We will assume there was no negligence in driving so far to the left in passing the sand wagons as to bring the left wheels of her car on to the gravel shoulder of the road. But after so doing she had two easy methods of getting back on to the concrete, because the drop from the concrete to the gravel averaged but a few inches and at no place was it over five inches. The gravel shoulder was wide and safe. She could have turned her car to the left and then sharply to the right and the wheels would have mounted the slight elevation of the concrete, or she could have driven her car back on to the concrete on the driveway she crossed about fifty feet beyond where she first began to

try to get back on the concrete. This driveway was fully flush with the concrete and about fifteen feet wide. It afforded an easy means of getting her car back on the concrete. But in any event she could and should have stopped her car long before she attempted to do so when she found herself unable to get back on the concrete. She did not attempt to stop until she was about twenty feet from plaintiff's car. That was too late. It had been in her view for at least 200 feet and she should have stopped in time to avoid a collision, or at least in time to render her free from negligence. If motorists would fully realize the efficacy of a seasonable stop to avoid collisions we would have fewer of them.

*By the Court.*—Judgment affirmed.